IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-65,454-02 AND WR-65,454-03






EX PARTE ANTHONY EVON BIBBS, Applicant








ON APPLICATIONS FOR A WRIT OF HABEAS CORPUS


CAUSE NOS. 896467-A AND 896468-A IN THE 209
TH DISTRICT COURT


FROM HARRIS COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of violation of a
protective order and attempted capital murder and sentenced to ten (10) years' imprisonment for
violating the protective order and thirty (35) years' imprisonment for the attempted capital murder. 
The First Court of Appeals dismissed Applicant's appeals because the notices of appeal were untimely
filed. See Bibbs v. State, Nos. 01-02-01347-CR and 01-02-01348-CR (Tex. App. - Houston [1st
Dist], 2002, no pet.).

 Applicant contends that counsel rendered ineffective assistance because counsel failed to
timely file notices of appeal. Specifically, he alleges that counsel filed the notices of appeal fifteen
(15) days after the deadline to file the notices of appeal had passed. Also, he alleges that counsel
could have filed a motion for extension of time to file the notices of appeal but failed to do so. 

 The trial court has entered findings of facts and conclusions of law recommending that relief
be denied. Specifically, the trial court found that since Applicant failed to manifest his desire to
appeal his conviction, he failed to demonstrate that he was improperly denied his right to appeal. 
However, there is no information in the habeas record with regards to whether Applicant was ever
advised of his appellate rights. The habeas record contains an affidavit from Kennitra Forte, who
represented Applicant on a motion for a new trial, and filed untimely notices of appeal. However,
the record is not clear as to whether Forte was Applicant's appellate attorney or if the trial court had
appointed a different attorney to handle the appeal. The record is also not clear as to why Forte did
not file a motion for extension of time to file the notices of appeal. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. The trial court
may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d), in that it shall order trial
counsel to file an affidavit explaining whether he or she advised Applicant of his appellate rights. The
trial court shall also order Kennitra Forte to file a supplemental affidavit explaining why she did not
file a motion for extension of time to file to the notices of appeal. 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney
to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make the following findings of fact: 1) whether Applicant was advised
of his appellate rights; 2) why Forte did not file a motion for extension of time to file the notices of
appeal; 3) whether Forte filed a motion to withdraw and, if so, whether said motion was granted; 4)
whether Forte or any other attorney was appointed to represent Applicant on direct appeal and shall
identify that attorney; 5) whether Applicant was denied his right to a meaningful appeal because
Applicant's counsel failed to timely file the notices of appeal; 6) any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for
habeas corpus relief. The trial court shall also make findings of fact as to who was Applicant's
appellate attorney.

 These applications will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of
the order granting the continuance shall be sent to this Court. A supplemental transcript containing
all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing
or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 


Filed: April 4, 2007

Do not publish